SUMMARY ORDER
Pro se plaintiff Anthony Harry appeals the district court’s dismissal of his complaint for excessive force on the ground of res judicata. We review the district court’s 12(b)(6) dismissal of Collins’s complaint de novo, see Vietnam Ass’n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir.2008), construing his pro se pleadings liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Boykin v. Key-Corp, 521 F.3d 202, 214 (2d Cir.2008). We assume the parties’ familiarity with the facts and procedural history of this case, which we reference only as necessary to ' explain our decision.
Harry asserts that the district court erred in concluding that his present suit was barred by the Rule 41(b) dismissal of a former one. We are not persuaded. Harry’s prior suit was resolved on the merits, see Fed.R.Civ.P. 41(b) (stating *18 that, “[u]nless the dismissal order states otherwise,” a Rule 41(b) dismissal “operates as an adjudication on the merits”); involved the same “nucleus of operative fact[s]” concerning his alleged mistreatment while incarcerated, Channer v. Dep’t of Homeland Sec., 527 F.3d 275, 280 (2d Cir.2008) (internal quotation marks omitted); and involved the same parties or those “in privity” with them, see Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 367-68 (2d Cir.1995). This satisfies the elements of res judicata. See Pike v. Freeman, 266 F.3d 78, 91 (2d Cir.2001).
While Harry contends that his prior lawsuit was improvidently dismissed, see Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir.2009), he did not appeal that judgment of dismissal, and, thus, he cannot now undo its res judicata effect by attacking it collaterally. See Federated Dep’t Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (explaining that “the res judicata consequences of a final, unappealed judgment on the merits” are not “altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case”).
Accordingly, the judgment of the district court is AFFIRMED.